UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN K. COLLINS,  )
                   )
        Plaintiff, )
                   )
    v.             )  CAUSE NO. 3:17-CV-972-RLM-MGG
                   )
                   )
RON NEAL, et al.,  )
                   )
        Defendants.

OPINION AND ORDER

Brian K. Collins, a prisoner without a lawyer, filed a complaint due to being attacked by other inmates at the Indiana State Prison. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Collins alleges that, on January 26, 2016, he was transferred to the Indiana State Prison due to gang-related threats he had received at the New Castle Correctional Facility. When he arrived, he told Counselor Roose that he had already filed a lawsuit and told her that he needed protection "for several reasons." She denied his request and told him that he would be fine

considering his recent transfer. Three days later, Mr. Collins was assigned to a cell house in general population. On February 13, 2016, four inmates, who were also gang members, surrounded Mr. Collins in his cell and assaulted him, resulting in a loss of consciousness and broken teeth. When Mr. Collins was able to get away, he requested assistance from a correctional officer, who immediately took him to the medical unit. Officer Nowatzke reassigned Mr. Collins to a different cell house. On February 16, 2016, Mr. Collins was reassigned to the protective custody unit.

First, Mr. Collins alleges an Eighth Amendment claim against Counselor Roose and Officer Nowatzke for not providing him with adequate protection. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, the court of appeals has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his

safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996). Mr. Collins's complaint says he asked Counselor Roose for protection, telling her that he had already filed a lawsuit and needed protection for "several reasons." This conversation as alleged would not have informed Counselor Roose of a specific threat to Mr. Collins' safety. Further, according to the complaint, Officer Nowatzke's conduct was limited to assigning Mr. Collins to a different cell house following the assault. This allegation doesn't describe deliberately indifferent conduct, so the claim against Counselor Roose and Officer Nowatzke is dismissed.

Mr. Collins also alleges an Eighth Amendment failure to protect claim against Warden Neal and several unidentified correctional staff members. For Section 1983 claims, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). The complaint doesn't indicate that Warden Neal was personally involved with Mr. Collins's housing assignments. Moreover, the claims against unidentified defendants must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Mr. Collins alleges an Eighth Amendment claim against the four inmates who assaulted him. He alleges that they are liable under Section 1983 because they were employed by the State and assaulted him while they were out of their cells on job detail. An essential element of a Section 1983 claim is that the

3

alleged unconstitutional conduct must have been committed by a person acting under color of state law. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Section 1983 doesn't reach "merely private conduct, no matter how discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991,1002 (1982). To determine whether a defendant acted under color of state law, "the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the [defendant] so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). With respect to State employees, courts consider the relationship between challenged conduct and duties of the employee. See e.g., Pickrel v. City of Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir. 1995) ("Deciding whether a police officer acted under color of state law should turn largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties."); Gibson v. City of Chicago, 910 F.2d 1510, 1516 (7th Cir. 1990) ("Acts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way related to the performance of police duties."). It's not plausible to infer that the four inmates had any authority to use physical force or that they assaulted Mr. Collins in furtherance of their duties as State employees. They aren't state actors, and the Eighth Amendment claim against them is dismissed.

Next, Mr. Collins alleges a claim under the Americans with Disabilities Act against correctional staff. For ADA claims, a plaintiff must show that: (1) he

4

is a qualified individual with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity; and (3) the denial or discrimination was by reason of his disability. 42 U.S.C. § 12132; Love v. Westville Corr. Ctr., 103 F.3d 558, 560 (7th Cir. 1996). A plaintiff alleging an ADA claim may also show that a defendant "refused to provide a reasonable modification." Wisconsin Cmty. Servs., Inc. v. City of Milwaukee, 465 F.3d 737, 753 (7th Cir. 2006). The complaint includes no allegations about Mr. Collins' disability and no allegations to suggest that he suffered discrimination because of his disability. This claim is dismissed.

Finally, Mr. Collins alleges a state law claim of negligence against correctional staff. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. VanValkenburg v. Warner, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions as well. Id. This complaint includes no allegations to suggest that Mr. Collins complied with the notice requirements of the Indiana Tort Claims Act. The state law claim of negligence is dismissed.

When a complaint is vague, confusing, or lacking in necessary detail, the court may dismiss the complaint with leave to replead. Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, the court will allow Mr. Collins an

5

opportunity to file an amended complaint. If he decides to file an amended complaint, he should get a blank copy of this court's complaint form from the law library and write the cause number for this case in the caption on the first page. Mr. Collins should only file an amended complaint if he believes that he can address the deficiencies noted in this order and provide a factual basis in his complaint for his claims against each defendant. This means he must explain what each defendant did to violate his rights and to include names, dates, and locations.

For these reasons, the court GRANTS Mr. Collins until February 16, 2018, to file an amended complaint. If he doesn't respond by that deadline, this case will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A without further notice.

SO ORDERED.

Date: January  23 , 2018   /s/ Robert L. Miller, Jr.
Judge
United States District Court