UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRIAN K. COLLINS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-972-RLM-MGG |
| | ) | |
| RON NEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Brian K. Collins, a prisoner without a lawyer, filed a complaint after other inmates attacked him at the Indiana State Prison. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Collins alleges that, on January 26, 2016, he transferred to the Indiana State Prison due to gang-related threats he received at the New Castle Correctional Facility. He alleges that a gang has targeted him for violence due to the nature of his conviction and his reputation as a snitch. On January 29, 2016,

Mr. Collins was assigned to a cell house in general population. On February 13, 2016, four inmates, who were also gang members, surrounded Mr. Collins in his cell and assaulted him, which resulted in a loss of consciousness and broken teeth. Mr. Collins was reassigned to the protective custody unit three days later.

First, Mr. Collins alleges an Eighth Amendment claim against all defendants for not providing him with adequate protection. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, the court of appeals has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996).

The complaint alleges that Officer Nowatzke, head of classification, and Charles Whelan, head of internal affairs, knew of the gang threats. Mr. Collins can't proceed against Officer Nowatzke because he didn't name Officer Nowatzke

2

as a defendant. Mr. Collins can't proceed against Charles Whelan or Daniel Bodiovich because the two-year statute of limitations bars the claims against them. See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005). Mr. Collins also alleges a failure to protect claim against several unidentified correctional staff members. These unidentified defendants must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

The complaint further alleges that Mr. Collins requested protective custody from Counselor Roose on January 26, 27, and 28, and that a unit team manager informed Warden Neal of the gang threats on January 26 and 29. Because Mr. Collins named Counselor Roose and Warden Neal in his initial complaint, the relation-back doctrine applies, and the statute of limitations doesn't bar the claims against them. See Fed. R. Civ. P. 15(c)(1)(C); King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 914 (7th Cir. 2000). The complaint plausibly states a failure to protect claim against Counselor Roose and Warden Neal.

Next, Mr. Collins alleges a claim under the Americans with Disabilities Act (ADA) against Warden Neal. For ADA claims, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity; and (3) the denial or discrimination was by

3

reason of his disability. 42 U.S.C. § 12132; Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 672 (7th Cir. 2012); Love v. Westville Corr. Ctr., 103 F.3d 558, 560 (7th Cir. 1996). Though Mr. Collins alleges that he suffers a severe mental illness, no allegations suggest that he was denied protection because of this disability. This claim is dismissed.

For these reasons, the court:

(1) GRANTS Brian K. Collins leave to proceed on a claim against Warden Ron Neal and Counselor Roose for money damages for failing to protect him against gang violence from January 26, 2016, to February 13, 2016;

(2) DISMISSES Daniel Bodiovich, Charles Whelan, and the John Doe defendants;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Warden Ron Neal and Counselor Roose at the Indiana Department of Correction with a copy of this order and the complaint (ECF 14) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Ron Neal and Counselor Roose to respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Brian K. Collins has been granted leave to proceed in this order.

SO ORDERED on April 4, 2018

                                               /s/ Robert L. Miller, Jr.
                                              Judge
                                              United States District Court