UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN K. COLLINS,

    Plaintiff,

    v.

RON NEAL, et al.,

    Defendants.

CAUSE NO.: 3:17-CV-972-RLM-MGG

OPINION AND ORDER

Brian K. Collins, a prisoner without a lawyer, has filed a motion to reconsider the screening order that allowed to proceed against several defendants on a failure to protect claim about an assault that occurred on February 13, 2016, but dismissed Charles Whelan and Daniel Bodiovich because the two-year statute of limitations barred the claims against them. ECF 17. Mr. Collins argues that he should be allowed to proceed against Charles Whelan and Daniel Bodiovich because he named them as John Doe defendants in his initial complaint, which was filed within the limitations period. He essentially argues that the claims in his amended complaint should relate back to the date he filed the initial complaint. See Fed. R. Civ. P. 15(c). The relation back doctrine does not apply to John Doe defendants. Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997); Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996).

Mr. Collins also suggests that his claims against Charles Whelan and Daniel Bodiovich would have been timely but for the court denying his attempts to discover their identity. The court didn't receive any discovery requests from

Mr. Collins until March 6, 2018, three weeks after the limitations period had run. ECF 7. Those discovery requests sought information about a therapist who provided medical treatment six months after the assault, and wouldn't have revealed the identity of Charles Whelan and Daniel Bodiovich, who Mr. Collins identifies as the Head of Internal Affairs and the Head of Classification.

Mr. Collins further argues that the defendants have refused to respond to his discovery requests about the identity of John Doe defendants. Mr. Collins hasn't shown that he has served the defendants with any such discovery requests. See N. D. Ind. L. R. 26-2(a)(2)(A) ("All discovery material in cases involving a pro se party must be filed"). Moreover, the defendants, who were just recently served and have not yet filed an answer, are under no obligation to respond to discovery requests at this time. See Fed. R. Civ. P. 16(b), 26(d), (f).

In sum, Mr. Collins didn't name Charles Whelan and Daniel Bodiovich as defendants within the two-year limitations period. The relation back doctrine doesn't apply to these defendants, and Mr. Collins asserts no equitable grounds to excuse his untimely claims against them.

For these reasons, the court DENIES the motion to reconsider (ECF 20).

SO ORDERED on April 25, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT