UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN K. COLLINS,

    Plaintiff,

v.      CAUSE NO.: 3:17-CV-972-RLM-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Brian K. Collins, a prisoner without a lawyer, proceeds on an Eighth Amendment failure to protect claim against Warden Neal and Counselor Roose for allowing an attack by fellow inmates to occur on February 13, 2016. According to the complaint, on January 26, 2016, Mr. Collins transferred to the Indiana State Prison due to gang-related threats he received at the New Castle Correctional Facility. There, a gang targeted him for violence due to the nature of his conviction and his reputation as a "snitch". On January 26, 27, and 28, Mr. Collins raised his concerns with Counselor Roose. On January 29, Mr. Collins was assigned to a cell house in general population. On February 13, four inmates, who were also gang members, surrounded Mr. Collins in his cell and assaulted him, which resulted in a loss of consciousness and broken teeth. Mr. Collins was reassigned to the protective custody unit three days later.

The defendants filed this motion for summary judgment, arguing that Mr. Collins failed to exhaust his administrative remedies by completing the grievance process. Mr. Collins responds that the grievance process wasn't available for his

claim because it pertained to classification issues. The defendants reply that the claim at issue is a failure to protect claim, so Mr. Collins was required to comply with the grievance process.

In a declaration, Joshua Wallen, grievance supervisor at the Indiana State Prison, attested that a process is available to inmates to grieve the actions of correctional staff. The grievance policy for the Indiana Department of Correction sets forth a three-step grievance process. First, an inmate must try to resolve a complaint informally, typically by speaking to the staff member most directly associated with the complaint. If the inmate is unable to resolve informally the complaint, he may file a formal grievance with the grievance specialist. Finally, if an inmate is dissatisfied with the grievance specialist's determination, he may file an appeal with the grievance manager. According to the grievance records, Mr. Wallen says, Mr. Collins didn't file a grievance against Warden Neal or Mr. Roose or about the attack.

With respect to the scope of the grievance process, the grievance policy states as follows:

> A. Matters Appropriate to the Offender Grievance Procedure:
>
> Offenders may initiate the grievance process when an incident or issue affects that personally and impacts the conditions of their confinement. Examples of issues about which an offender may initiate the grievance process include, but are not limited to:
>
> * * *
>
> 2. The way that staff members are interpreting and applying the policies, procedures, or rules of the Department or of the facility;
>
> 3. Actions of individual staff, contractors or volunteers; all PREA issues;

* * *

    5. Any other concerns relating to conditions of care or supervision within the Department or its contractors, except as noted in the administrative procedures.

* * *

    B. Matters Inappropriate to the Offender Grievance Procedure:

* * *

    5. Classification actions or decisions, which include the loss of a job, change in security level, facility transfer, and bed moves (a separate classification appeals process is in place for this purpose).

ECF 37-2 at 4.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Under 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust

is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Our court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). "[A]n administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." Ross v. Blake, 136 S. Ct. 1850, 1859 (2016). "[W]hen a remedy is . . . essentially unknowable—so that no ordinary prisoner can make sense of what it demands—then it is also unavailable." *Id.*

The defendants argue that they are entitled to judgment because Mr. Collins didn't file a grievance related to his claim. Mr. Collins concedes this point but responds that the grievance process wasn't available based on the nature of his claim. According to Mr. Collins, protecting him from violence from other inmates necessarily entails classification matters, including separatee status, housing transfers, or protective custody, and his claim reflects this sentiment. In the amended complaint, Mr. Collins specifically alleges that Warden Neal

4

should have protected him by not placing him in general population and that Counselor Roose should have protected him by not housing him violent gang members. The record indicates that these issues relate to classification, and the grievance policy's plain language expressly excludes classification matters. The record further indicates that Mr. Collins filed grievances at the New Castle Correctional Facility regarding his concerns about violence from other inmates and that these grievances were denied on the basis that they raised classification issues. In sum, the record indicates that the grievance policy does not apply to Mr. Collins' claims against Warden Neal and Counselor Roose.

The defendants reply that while Mr. Collins isn't required to file a grievance for classification matters, he had to file a grievance for his failure to protect claim. According to the defendants, "[a] classification issue alone does not require one to complete the grievance process," but "[a] failure to protect claim is a grievable issue, not a classification issue, and does require the Plaintiff to file a grievance." This argument is perplexing because the crux of Mr. Collins' failure to protect claims is that the defendants mishandled classification issues, and, according to the grievance policy, classification issues are not grievable. The defendants offer no explanation for this disconnect. It's unclear what Mr. Collins could have done to exhaust his remedies with respect to his claim or whether this information was made available to him. As a result, the court can't conclude that the grievance process was an available administrative remedy.

In conclusion, the record indicates that the grievance policy either didn't apply to Mr. Collins' claims against Warden Neal and Counselor Roose or was so

5

opaque as to be practically unavailable. Therefore, the court denies the motion for summary judgment and further finds that summary judgment on the exhaustion issue in favor of Mr. Collins might be appropriate. See Fed. R. Civ. P. 56(f)(1) ("After giving notice and a reasonable time to respond, the court may grant summary judgment to the non-movant.").

For these reasons, the court:

(1) DENIES the motion for summary judgment; and

(2) ORDERS the defendants to show cause by November 16, 2018, as to why summary judgment on the exhaustion issue in favor of Brian K. Collins should not be entered.

SO ORDERED on October 15, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT