UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN K. COLLINS,

    Plaintiff,

  v.    CAUSE NO.: 3:17-CV-972-RLM-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

  Brian K. Collins, a prisoner without a lawyer, proceeds on an Eighth Amendment failure to protect claim against Warden Neal and Counselor Roose for allowing an attack by fellow inmates to occur on February 13, 2016. According to the complaint, on January 26, 27, and 28, 2018, Mr. Collins transferred to the Indiana State Prison due to gang-related threats he received at the New Castle Correctional Facility. There, a gang targeted him for violence due to the nature of his conviction and his reputation as a snitch. Upon arriving at the Indiana State Prison, Mr. Collins asked for protective custody, but Counselor Roose did nothing to assist him and Mr. Collins was assigned to a cell house in general population on January 29. On February 13, 2016, four inmates, who were also gang members, surrounded Mr. Collins in his cell and assaulted him, which resulted in a loss of consciousness and broken teeth.

  The defendants filed a motion for summary judgment, arguing that Mr. Collins didn't exhaust his administrative remedies by completing the grievance process. The parties agreed that Mr. Collins hadn't completed the grievance

process in relation to his claim but disagreed on whether the grievance process was available. Mr. Collins argued that his claim was a classification issue, that the grievance policy didn't allow inmates to file grievances on classification matters, and that prison officials had previously denied similar grievances on this basis. The defendants responded by conceding that a request for protective custody is a classification issues and that "[a] classification issue alone does not require one to complete the grievance process." However, the defendants maintained that "[a] failure to protect claim is a grievable issue, not a classification issue, and does require the Plaintiff to file a grievance."

In the summary judgment order, the court found the defendants' explanation unsatisfactory because Mr. Collins' failure to protect claim focused on classification matters. The court also found that the record was unclear as to what Mr. Collins could have done to exhaust his remedies with respect to this claim or whether this information was made available to him. As a result, the court denied the defendants' motion for summary judgment and ordered them to show cause as to why summary judgment on the exhaustion defense should not be entered against them pursuant to Fed. R. Civ. P. 56(f)(1). In reaching this conclusion, the court relied on the following legal principles.

> Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). "[A]n administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." Ross v. Blake, 136 S. Ct. 1850, 1859 (2016). "[W]hen a remedy is . . . essentially unknowable—so that no

ordinary prisoner can make sense of what it demands—then it is also unavailable." *Id.*

The defendants have responded to the order. They say that Mr. Collins's claim involves two separate incidents: (1) a denial of protective custody; and (2) an attack on Mr. Collins by other inmates. They argue that, while he wasn't required to grieve the first incident, he was required to grieve the second. These incidents are separate in a literal sense, but, within the context of Mr. Collins's claim, these incidents are materially linked: the court allowed Mr. Collins to proceed on a claim against Warden Neal and Counselor Roose based on his allegations that the defendants deliberately disregarded his safety by refusing to place him in protective custody or make other housing arrangements, which resulted in his assault. By itself, the allegation that Mr. Collins was attacked by other inmates doesn't state a constitutional claim against the defendants. Rather, Mr. Collins had to allege that the defendants were personally involved in allowing the attack to happen. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions."). He alleged that their personal involvement was the mishandling of his housing assignment -- a classification matter.

Nevertheless, the dichotomy suggested by the defendants might be appropriate in the context of a grievance procedure -- inmates need not grieve denials of protective custody, but, if those denials facilitate an act of violence, the inmates must then file a grievance. This might even be how the Department of Correction operates in practice, but the grievance procedure doesn't mention it. Instead, the grievance procedure excludes classification matters without

3

defining the term or providing any explanation as to how this exclusion operates. ECF 37-2. The record also shows that prison officials dissuaded Mr. Collins from using the grievance system to express his safety concerns on the basis that they involved classification matters but without any indication that he was expected to file a grievance in the event that his concerns materialized. ECF 44 at 10, 24. In sum, the record lacks any evidence to show that anyone ever explained this nuance to Mr. Collins.

The defendants request an evidentiary hearing, stating that a factual dispute remains as to whether Mr. Collins exhausted his remedies. To the contrary, the parties agree that Mr. Collins didn't complete the grievance process, and there is no evidence that correctional staff explained the procedural nuance at issue to Mr. Collins. The defendants also refer to Mr. Collins not having filed any classification forms after his arrival at the Indiana State Prison. This reference might be argument that Mr. Collins should have pursued a remedy through the classification process, but this argument is insufficiently developed to warrant an evidentiary hearing. The defendants also appear to contest the credibility of Mr. Collin's claims, but it isn't clear how this line of reasoning is relevant to the exhaustion issue. Therefore, the request for an evidentiary hearing is denied.

"Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." King v. McCarty, 781 F.3d 889, 896 (7th Cir. 2015). "Before dismissing a prisoner's complaint for failure to exhaust, the district court should be able to point to evidence that the

4

relevant administrative procedures were explained in terms intelligible to lay persons." Ramirez v. Young, 906 F.3d 530, 535 (7th Cir. 2018). The court can find no such evidence in the record. Therefore, the court grants summary judgment on the exhaustion issue in favor of Mr. Collins. The parties may proceed to discovery on the merits.

For these reasons, the court:

(1) GRANTS summary judgment on the exhaustion issue in favor of Brian K. Collins pursuant to Fed. R. Civ. P 56(f)(1); and

(2) DENIES as UNNECESSARY the motion for review of evidence (ECF 58).

SO ORDERED on December 10, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT